U.S DISTRICT COURT FOR
NORTHERN DISTRICT OF
ILLINOIS

**FILED**

JAN 2 4 2012
1-24-12
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BURNEY ROBINSON

VS.

COOK COUNTY STATE'S ATTORNEY
AND ILLINOIS DEPT. CORRECTIONS

Judge maria Valdez

11-CV-009208

MOTION FOR JUDGMENT

I'M BRING THIS SUIT BASED ON FOURTH AMENDMENT VIOLATION AND INTENTIONAL DELAY BECAUSE OF THE STATUE OF LIMITATION THAT THE STATE VIOLATED INTENTIONALLY. I MR. ROBINSON WAS DELIBERATELY DETAIN IN A MANNER THAT VIOLATED MY RIGHT TO DO PROCESS THE PRETENSE OF THE STATE DISCOVERY IS A LEGAL CONFLICT IT RE-INVENT A CLAIM AND THE MECHANIC OF THE PROCEDURES
TO UPHOLD A POSITION WITHOUT CONSIDERING THE PRIMA FACIA EVIDENCE. WHICH CONFLICT THIS CASE BECAUSE OF STATE CONTROL OF MY PERSON THE RIGHT TO BE BEFORE THE COURT TO DEFEND ARGUEMENT AGAINST ME AND MY LIBERTY IS MY RIGHT. WE ALSO BELIEVE THAT THE MAGISRATE ACT WAS VIOLATED BY THE STATE
BY NOT PROPER CLARIFYING THE DETENTION IF THE STATE'S ATTORNEY HAD ADDRESSED MR. ROBINSON AND THE COURT MR. ROBINSON WOULD HAVE BEEN ABLE TO PRESENT A DEFENSE. THE ACTIONS OF THE STATE WEIGHED ON THE MENTAL STATE OF MR. ROBINSON AS THE COURT REVIEW THE CONFINEMENT. HUDSON VS. McMILLIAN, 503 U.S 1, 1992, AND FARMER VS. BRENNAN 511 U.S 825, 835-836, 1994. THE MENTAL STATE WAS A CAUSE OF THE FAIL ADMINISTRATIVE MECHANISMS OF THE STATE AND STATED GRIEVANCE THAT WERE INTEROGATION BEFORE A HEARING TO CONFINEMENT. THE REMEDIES SHOULD HAVE BEEN PLAIN, SPPEDY AND ACCURATE BECAUSE OF EVIDENTARY DISTINCTION THAT ARE DRAWN FOR CONCLUSIONS BY THE COURT. THE PROLONGED STATE CUSTODY WAS PUNISHMENT. WE BELIEVE THAT LEGAL DEFECTS IN THE CASE WAS NEVER CONDUCTED AND GUIDELINES FOR PROCEEDING WERE NOT FOLLOWED SUCH AS THE RULES FOR HABEAS BEFORE THE COURT. BECAUSE OF STATE CONTROL MR. ROBINSON COULD NOT PRESENT HIMSELF TO THE COURT. WE ARGUE THE CONDITION THAT ASSISTED IN DENYING A CIVIL HEARING FOR POSSIBLE DAMAGES AND DISMISSAL OF CHARGES THIS HAPPEN IN THE STATE COURT AS WELL AS THE FEDERAL COURT THE RELEVANT OF CONTINUED STATE CONTROL. THE MAGISRATE COULD NOT HAVE KNOWN FULL THAT CLAIM.

TITLE 28 U.S.C 636 B, 1... THE PARTICPATION IN THE PRE-TRIAL HEARING AS IN THE NUSSLE CASE. I MR. ROBINSON COULD NOT IDENTIFY PROPERLY THE CONDITIONS UNDER SUCH CONDITIONS THIS ENHANCE THE MENTAL ANXEITY OF THE SITUATIONS WITH MISCONDUCT DO TO PROCEDURE VIOLATIONS. AND JURIDICTIONAL CONTROLS THE STATE LIABLITIY IS A CIRCUMSTANCE OF MOMENTARY VIOLATIONS OF MY LIBERTIES THE DAMAGES WERE THE OCCURRENCES PLACE BY DOCUMENTARY MATERIAL MALICE IN THE WORDING OF THE DOCUMENTS FALSE IMPRISONED ME. THIS EFFECTED THE STATUE OF LIMITATIONS FOR THE STATE WE EXCEED THERE
IS A SOLUTION FOR A SUM CERTAIN AND A STATE'S JUSTIFICATION TO RESOLVE THE CHARGE FORTHWITH ON EVIDENCE FROM THE CLAIM AND POST-CONVICTION REVIEW
OF PRIMA FACIA EVIDENCE

RESPECTFULLY SUBMITTED

*[signature]*

BURNEY ROBINSON

CASE# 11- CV-09208

IN THE CIRCUIT COURT OF THE __First__ JUDICIAL CIRCUIT,
__Cook__ COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS )
)
v. ) Case No. __M10401236__
__Burney Robinson__ )
Defendant )

**RECEIVED**
JAN 19 2005
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

11-C-09208
Judge Valdez
*incomplete document*

**RETURNED**
JAN 03 2012

### DEMAND FOR SPEEDY TRIAL AND/OR QUASH WARRANT

The defendant, __Burney Robinson__, petitions this court and demands a speedy trial pursuant to 730 ILCS 5/3-8-10 (2001) (Intrastate Detainer) and 725 ILCS 5/103-5 (2001) (Speedy Trial) and Article I, Section 8 of the Illinois Constitution.

In support of this demand the defendant states the following:

1. He is presently incarcerated at the __Galesburg__ Correctional Center, __Galesburg__, Illinois __61401__.

2. He was convicted of __Parole Violation__ in the County of __Cook__, on __1/24__, 20__04__, and sentenced to _____ years.

3. A term of __1__ years remains to be served for this conviction.

4. The following charges are pending against the Defendant in your county:

__Parole Violation Warrant # M10401236__

WHEREFORE, the Defendant respectfully demands that the State's Attorney of __Cook__ County proceed to bring him to trial on the above stated charge(s) within the 160 days as allowed by law.

*Burney Robinson*
__Burney Robinson__ No. __B-15654__
Defendant
__Galesburg__ Correctional Center
P.O. Box __1700__
__Galesburg__, Illinois

Subscribed and sworn to before me this __10__ day of __Jan.__, 20__05__.

*Lenard E. Palmer*
Notary Public

"OFFICIAL SEAL"
Lenard E. Palmer
Notary Public, State of Illinois
My Commission Exp. 09/29/2007

Revised Jan 2002

# IN THE
## CIRCUIT COURT COOK COUNTY
## CRIMINAL DIVISION, ILLINOIS

STATE OF ILLINOIS )
Plaintiff )
) Case No. M10401236
v. )
)
)
Burney Robinson )
Defendant )

---

## PROOF/CERTIFICATE OF SERVICE

TO: Ms. Dorothy Brown, Clerk          TO: Mr. Richard Devine
    Circuit Court Cook County              State's Attorney Ck Cty
    2650 So. California Ave., Rm. 526      2650 So. California Ave., Rm. 11-D-
    Chicago, IL 60608                      Chicago, IL 60608

PLEASE TAKE NOTICE that on __1-10__, 20_05_ I have filed with the U.S. Mail through the __HENRY HILL__ Correctional Center the following documents, properly addressed to the parties above: __DEMAND SPEEDY TRIAL / SQUASH WARRANT__.

I further declare, under penalty of perjury, that I am the Plaintiff in the above action, that I have read the above documents, and that the information contained therein is true and correct. 28 USC 1746 and 18 USC 1621.

DATE: 1-10-05

/s/ Burney Robinson
NAME: Burney Robinson
IDOC#: B-15654
Henry Hill Correctional Center
P.O. BOX 1700
Galesburg, IL 61401

Federal Appeglette Rule 3

ILLINOIS DEPARTMENT OF CORRECTIONS

# Parole Violation Report

## Section A: Violation Details

AKA: same                                    ID# B15654

Releasee: Burney Robinson                                        Date of Birth: 08/28/1966

Parent Facility: Centralia

Gender: ☒ Male  ☐ Female    Race: ☐ Caucasian  ☒ African American  ☐ Asian American  ☐ Hispanic  ☐ Native American  ☐ Other

CCJ#: 

FBI#: 951392MA8                    I.R.#: 819080                              Violation Date: 01/17/06

Release Date: 01/16/2004            Sentence Exp. Date: 01/17/2006

Custody Date: 

Custody Facility: 

Offense(s): rule #3 and #9

Date Warrant Issued: 01/29/04

IDOC Warrant #: MI0401236

**Description of the Alleged Violation** (include date, time, place and description of the violation; description and method of weapons used; identity and injury to victim(s); arrest date and arresting agency; criminal charges; and custody/court/bond information): On January 16, 2004 the above named releasee was released from Centralia Correctional Center with instructions to report to 1006 S. State at the Ritz hotel. This was an inappropriate placement for this individual since he did not have in his possession sufficient funds to reside at the aforemention hotel. He was also instructed to contact AMS answering service upon arrivial and he has failed to contact this agent since his release. On January 27, 2004, the staff at the Ritz hotel was contacted by this agent and it was reported by the hotel staff that he had not checked in releasee, therefore his current whereabouts are unknown and he should be consided an instant absconder.

**Other Arrests or Parole or Mandatory Supervised Release Violations During the Current Supervision Term:** N/A

**Community Adjustment** (juvenile only): N/A

```
AMENDED (4/19/04): Offender arrested 4/19/04 by Inv Dewalt.
Offender was on AWOL status for 82 days, and is currently
being held at CPD 1st. No new charges at this time.
```

**Agent's Recommendation** (sanctions, level, ARD date, etc.): It is recommended that the subject that the subject forfeit some good time to impress upon him the importance of remaining in compliance with the rules governing his supervision.

**Attachments** (identify): warrant, notice of charges

I hereby declare under the penalty of perjury that the foregoing description of alleged violations made by me in this violation report is true and correct to the best of my knowledge and belief.

Vivian Thomas                B82                 [signature] Vivian Thomas      Jan 29, 2004
Print Parole Agent's Name     No.                Parole Agent's Signature         Date

**Supervisor Comments** (if any):

B. Brennen                   G89                 [signature] B Brennen           1/30/04
Print Parole Supervisor's Name    No.            Supervisor's Signature           Date

**Section B: Notice of Charges must be completed at the same time this section is completed**

Distribution: Releasee; Releasing Authority; Releasee's Case File; Parent Field Services Representative; Hearing Officer: if FOS, Interstate Compact

Page 1 of 2

Printed on Recycled Paper

000095

DOC 0071 (Eff. 1/2002)
(Replaces DCA 591; DCI 119, and 142)

JAN-30-2004 08:33

## Obstruction to administration of justice

Obstructing Process;

Mr. robinson believe that the peoples case is defective from custodial and beyond the custody of mr. robinson in the cook county jail was procedural defective by evidence and time held in custody of the chicago police department. we ascert that on the date of july 12,01. to the date Dec 22.01. The state's attorney was aware that mr. robinson rights were violated and illegal search and seziure and a arrest that violates mr. robinson miranda rights. mr. robinson was under medication from the hospital and was'nt control of his persons. this information was witheld because it proves that the state's attorney violated mr. robinson fifth amendment rights a pre- determination of gulit was made before a hearing. the adminisrator of documents and fact material showed bias in bring this charge the conflict of law was a profile. By which the state's attorney persecuted mr. robinson the circuit court of cook county was not abreast of the scope of the indifference. because the remedies and legality was not fully reviewed because of the confinement multiple times in the wake of a favorable outcome for mr.robinson. Civil procedures jurisdictional denied and ommitted based on liablity. we ask this court based on the jurisdictional clause to determine if the detainment by the illinois department of corrections on 4/19/04. under the county of cook case# . We believe that the detainment was not of mr. robinson fault but of the case as a whole and the defectiveness there of the state's knowingly refuse to make corrections in pre-trial hearing. circumvent the powers and determination of this court for conflict. mr. robinson is entitled to relif because of a systemitic dismissal of charges. we ask this because of state's admission and the state's attorney admission. facts were sealed by the state. Witness and third party witnesses testimony is answer of conflict to the evidence and it's presentation.

As you consider we request the court consider illinois complied statue civil procedure;

735 ILCS 5/3-104, 735ILCS 5/3111, 735 ILCS 5/4 211, 735 ILSC 5/3 110, AND 745 ILCS 10/4 104.

AND federal case 04-c-5146 u.s district court of northern district of illinois.

we believe that mr. robinson is entitle to damages for imprisonment before trial or hearings while in a state insitution based on state control of mr. robinson.

respectfully submitted

BURNEY ROBINSON